UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

WILLIAM ANDRE JEMEL WRIGHT,

    Plaintiff,

v.                                                        Case No. 6:24-cv-1038-JSS-EJK

L. SMITH and CITY OF OVIEDO,

    Defendants.
_____/

**ORDER**

On May 25, 2024,[1] Plaintiff, a pretrial detainee proceeding pro se, filed a civil rights complaint under 42 U.S.C § 1983. (Complaint, Dkt. 1.) Pursuant to Rule 201 of the Federal Rules of Evidence, the court takes judicial notice of another civil rights action that Plaintiff filed in this district, which was opened on May 3, 2024. *See Wright v. Smith*, No. 6:24-cv-840-JSS-EJK (M.D. Fla.). In that case, Plaintiff sues two of the same Defendants (L. Smith and the City of Oviedo) as in this case for the same alleged civil rights violations occurring on September 14, 2023.[2] *Compare* (Dkt. 1) *with*

---

[1] This is the date under the "mailbox rule." Under that rule, "a pro se prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." *See, e.g.*, *Williams v. McNeil*, 557 F.3d 1287, 1290 (11th Cir. 2009). The court assumes, "[a]bsent evidence to the contrary, . . . that a prisoner delivered a filing to prison authorities on the date that he signed it." *Jeffries v. United States*, 748 F.3d 1310, 1314 (11th Cir. 2014).

[2] In case 6:24-cv-840-JSS-EJK, Plaintiff names an additional defendant, Officer Vargas. *See Wright v. Smith*, No. 6:24-cv-840-JSS-EJK (M.D. Fla.), ECF No. 3. Plaintiff may have filed the Complaint in response to the court's order directing him to amend his complaint in the earlier case. *See id.*, ECF No. 2 (order requiring Plaintiff to file an amended complaint and either pay the filing fee or file a fully completed prisoner consent form and financial certificate and affidavit of indigency). If so, Plaintiff

Amended Complaint, *Wright v. Smith*, No. 6:24-cv-840-JSS-EJK (M.D. Fla.), ECF No. 3.

"[I]t is well settled that a plaintiff may not file duplicative complaints in order to expand their legal rights." *Vanover v. NCO Fin. Servs., Inc.*, 857 F.3d 833, 841 (11th Cir. 2017) (citation and internal quotation marks omitted). The doctrine, which is called "claim splitting," "ensures that a plaintiff may not split up his demand and prosecute it by piecemeal, or present only a portion of the grounds upon which relief is sought, and leave the rest to be presented in a second suit, if the first fails[,]" thereby "ensur[ing] fairness to litigants and . . . conserv[ing] judicial resources." *Id.* (internal citations and quotation marks omitted). The claim-splitting doctrine applies where "a plaintiff maintain[s] two separate causes of action involving the same subject matter, at the same time, in the same court, against the same defendant." *Rumbough v. Comenity Capital Bank*, 748 F. App'x 253, 255 (11th Cir. 2018) (citing *Vanover*, 857 F.3d at 840–42).

Here, Plaintiff's allegations arise from the same event and challenge the same conduct by two of the same Defendants. Thus, assuming Plaintiff intended to initiate a new civil rights action, he has engaged in improper claim splitting. Because Plaintiff's first case involves the same claims at issue in this case, the present case must be dismissed.

---

did not label the Complaint as an amended complaint or include the earlier case number on it as directed by the court.

Accordingly:

1. This case is **DISMISSED** without prejudice.

2. Plaintiff may pursue the present claim(s) in the earlier case (Case No. 6:24-cv-840-JSS-EJK).

3. The Clerk is directed to terminate any pending motions and **CLOSE** this case.

**ORDERED** in Orlando, Florida on June 14, 2024.

_____
JULIE S. SNEED
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Unrepresented Party